**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

EDUARDO REYES, *on behalf of himself,
FLSA Collective Plaintiffs, and the Class,*

                         Plaintiff,

        v.

A.B. BAKERY RESTAURANT CORP.
        d/b/a JACQUELINE'S BAKERY RESTAURANT,
R&R 1579 BAKERY CORP.
        d/b/a JACQUELINE'S LOUNGE, and
REYNALDO BRAVO,

                    Defendants.

Case No.:

**CLASS AND
COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

---

       Plaintiff EDUARDO REYES a/k/a RAFAEL REYES ("Plaintiff REYES ", or "Plaintiff"),

on behalf of himself and others similarly situated, by and through his undersigned attorneys,

hereby files this Class and Collective Action Complaint against Defendants, A.B. BAKERY

RESTAURANT CORP. d/b/a JACQUELINE'S BAKERY, R&R 1579 BAKERY CORP. d/b/a

JACQUELINE'S LOUNGE ("Corporate Defendants"), and REYNALDO BRAVO ("Individual

Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

**INTRODUCTION**

1.    Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) liquidated damages; and (3) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid spread of hours premium; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.    Plaintiff EDUARDO REYES is a resident of Bronx County, New York.

6.    Defendants own and operate a bakery and bar located in the Bronx located at:

   a) Jacqueline's Bakery Restaurant - 1579 Westchester Avenue, Bronx, NY 10472; and

   b) Jacqueline's Lounge – 1201 Manor Avenue, Bronx, NY 10472 (collectively, the "Restaurants").

7.      The Restaurants are operated as a single integrated enterprise under the common control of Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

a) The Restaurants are under the control of Corporate and Individual Defendant. Specifically, Individual Defendant REYNALDO BRAVO operates both of the Restaurants.

b) The Restaurants are located next to each other. Because of the proximity of the Restaurants, the Restaurants interchange employees.

c) The Restaurants share a centralized Human Resources department that deals with hiring, firing, and administering all the Restaurants' work force.

Although Plaintiff did not work at both of the Restaurants, the Corporate Defendants operating both Restaurants are appropriately named. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the FLSA Collective Plaintiffs, and Class Members for whom Plaintiff seeks to represent.

8.      Corporate Defendant A.B. BAKERY RESTAURANT CORP. d/b/a JACQUELINE'S BAKERY is a domestic business corporation that operates Jacqueline's Bakery Restaurant, with an address for service of process and a principal place of business located at 1579 Westchester Ave, Bronx, NY 10472

9.      Corporate Defendant R&R 1579 BAKERY CORP. d/b/a JACQUELINE'S LOUNGE  is a domestic business corporation that operates Jacqueline's Lounge, with an address for service of process and a principal place of business located at 1201 Manor Avenue, Bronx, NY 10472.

10.     Individual Defendant REYNALDO BRAVO is the Owner and Principal of Corporate Defendants. Defendant REYNALDO BRAVO exercises operational control as it relates to all employees, including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant REYNALDO BRAVO is frequently at the Restaurants. Defendant REYNALDO BRAVO exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, employees of the Corporate Defendants could complain to Defendant REYNALDO BRAVO directly regarding any of the terms of their employment, and Defendant REYNALDO BRAVO  would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, terminating or hiring such employees, or designate others to effect any changes. Defendant REYNALDO BRAVO exercised functional control over the business and financial operations of Corporate Defendant. Defendant REYNALDO BRAVO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Class.

11.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

13.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to bakers, counter people, cashiers, waiters, servers, bartenders, bussers, cooks, and dishwashers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to a fixed salary. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to bakers, counter people, cashiers, waiters, servers, bartenders, bussers, cooks, and dishwashers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty members of the Class.

20.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to an improper fixed salary; (ii) unpaid spread of hours premium; (iii) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (iv) failing to provide wage statements per requirements of NYLL.

21.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

    a)  Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

    c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

    d)  Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

    e)  Whether Defendants compensated Plaintiff and Class Members on an illegal fixed salary basis;

    f)  Whether Defendants paid Plaintiff and Class Members the New York State "spread of hours" premium when their workdays exceeded ten (10) hours;

g)  Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

h)  Whether Defendants provided wage statements to employees as required under NYLL.

**STATEMENT OF FACTS**

26.    In or around December 2019, Plaintiff REYES was hired by Defendants to work as a baker for Defendants' Bakery, located in 1579 Westchester Ave, Bronx, NY 10472. Plaintiff was terminated in or around July 5, 2022.

27.    As a baker, Plaintiff REYES' duties included cleaning the restaurant, mopping, sweeping, cleaning fridges, working as a counterman, baking goods, preparing food, accepting/unloading deliveries and storing them in the basement, and stocking supplies. FLSA Collective Plaintiffs and Class Members performed similar duties.

28.    Throughout his employment, Plaintiff REYES worked five day per week from 10:00 a.m. to 1:00 a.m., for a total of ninety hours per week. Plaintiff was often required to work until 3:00 am on weeks surrounding holidays including but not limited to Mother's Day, Christmas, Thanksgiving, and Valentine's day. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work similar hours each week, and on holidays.

29.    Throughout his employment, Plaintiff REYES was compensated at a fixed salary rate of nine hundred dollars per week for all hours worked. However, at all times, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty that he worked.

30.     Throughout his employment with Defendants, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not always paid the overtime premium of one-and-one-half times their regular rate of pay for their hours worked in excess of forty per week due to an improper fixed salary as required under the FLSA and NYLL.

31.     Plaintiff and Class Members regularly worked days that exceeded ten hours in length, but Defendants unlawfully failed to pay Plaintiff and Class Members the spread of hours premium for workdays that exceeded ten hours in length.

32.     In failing to provide wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interests in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

33.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class Members the proper overtime wages at a rate that is at least one-and-

one-half times the regular rate of pay for hours worked in excess of forty per workweek due to paying a fixed salary in violation of the FLSA and NYLL.

35.     Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff and Class Members as required under the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing wages statements to Plaintiff and Class Members as required under the NYLL.

37.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

38.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of FLSA.

41.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

42.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty hours a week due to a fixed salary.

43.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

44.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

45.     Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to a fixed salary; plus an equal amount as liquidated damages.

48.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

49.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

50.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

51.     Defendants violated Plaintiff's and Class Members' rights by failing to pay overtime wages for hours worked in excess of forty per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to a fixed salary in violation of the NYLL.

52.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten or more hours.

53.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with wage notice, at date of hiring and annually thereafter, as required under the NYLL.

54.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with wage statements as required under the NYLL.

55.     Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to a fixed salary; unpaid wages, including overtime, due to a fixed salary; unpaid spread of hours premiums; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA, and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

d.  An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty per workweek, due under the FLSA and NYLL;

e.  An award of unpaid "spread of hours" premium due under the NYLL;

f.  An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty per workweek, pursuant to the FLSA;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty per workweek, pursuant to the NYLL;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 27, 2023                                   Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:      _/s/ C.K. Lee_____
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Classp*