UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO REYES, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*, <br><br> Plaintiff, <br><br> -against- <br><br> A.B. BAKERY RESTAURANT CORP., d/b/a JACQUELINE'S BAKERY RESTAURANT, R&R 1579 BAKERY CORP. d/b/a JACQUELINE'S LOUNGE, and REYNALDO BRAVO, <br><br> Defendants. | 23-cv-1612 (AS) <br><br> MEMORANDUM OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Eduardo Reyes brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against A.B. Bakery Restaurant Corporation, doing business as Jacqueline's Bakery Restaurant; R&R 1579 Bakery Corporation doing business as Jacqueline's Lounge (together, "the Corporate Defendants"); and Reynaldo Bravo (together with the Corporate Defendants, "Defendants") to recover unpaid minimum wages. On August 11, 2023, Plaintiff moved for conditional certification of a FLSA collective action and for approval of a collective action notice. *See* Dkt No. 27. Upon review of the parties' submissions, the Court grants in part Plaintiff's motion for conditional certification, approves his proposed notice with certain modifications, and grants Plaintiff's unopposed requests for discovery and equitable tolling.

## LEGAL STANDARDS

  The FLSA allows "one or more employees" to bring suits on "behalf of himself or themselves and other employees similarly situated" against an employer for unlawful employment practices. 29 U.S.C. § 216(b). Unlike class actions brought under Federal Rule of Civil Procedure 23, "only potential plaintiffs who 'opt in' by filing written consents to join the collective action can be 'bound by the judgment or benefit from it.'" *Mendoza* v. *Ashiya Sushi 5, Inc.*, No. 12-CV-8629, 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013) (quoting *Gjurovich* v. *Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003)). "[D]istrict courts 'have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (alterations omitted) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has endorsed a two-step process for certifying an opt-in FLSA collective action. *Id.* at 554–55. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. The first step requires only a "modest factual showing" that the plaintiff "and potential opt-in plaintiffs" were the "victims of a common policy or plan that violated the law." *Id.* (internal quotations omitted). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*.

"In deciding a conditional certification motion, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Ramirez v. Liberty One Grp. LLC*, No. 22-CV-5892, 2023 WL 4541129, at *3 (S.D.N.Y. July 14, 2023) (internal quotations omitted). Indeed, "Courts in this District have repeatedly granted conditional certification based upon a single plaintiff's affidavit containing no more than some combination of descriptions of personal experience, observations of other employees sharing that experience, and references to conversations with those employees." *Id.* (collecting cases); *see also Escobar v. Motorino E. Vill. Inc.*, No. 14-CV-6760, 2015 WL 4726871, at *2 (S.D.N.Y. Aug. 10, 2015) (collecting cases).

## DISCUSSION

### I.   Single Integrated Enterprise

Defendants claim that Plaintiff cannot properly bring FLSA claims against Jacqueline's Lounge because Plaintiff was employed by Jacqueline's Bakery Restaurant only. Plaintiff, on the other hand, claims that the Corporate Defendants operate as a single integrated enterprise within the meaning of the FLSA.

The FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units[.]" 29 U.S.C. § 203(r)(1). If two corporations are deemed a single "enterprise" within the meaning of the FLSA, "an employee, who is technically employed on the books of one entity . . . may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). "Enterprise coverage has been interpreted broadly by the courts." *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000). "In determining whether the single enterprise theory applies, courts focus on whether the relevant entities (i) engage in related activities, as demonstrated by operational interdependence; (ii) perform those activities through unified operation or common control; and (iii) share a common business purpose." *Ramirez*, 2023 WL 4541129, at *4 (internal quotation marks omitted).

2

"[W]hether or not defendants operated as a single enterprise is a complicated and fact-specific inquiry that is not properly determined at the class certification stage." *Taveras v. D & J Real Est. Mgmt. II, LLC*, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) (alterations omitted) (quoting *Tiro v. Pub. House Investments, LLC*, 288 F.R.D. 272, 279 (S.D.N.Y. 2012)). "Accordingly, courts often authorize notice to employees of restaurant locations where the named plaintiff did not work at all, as long as there is sufficient evidence that those employees were subject to the same allegedly unlawful policies." *Islam v. LX Ave. Bagels, Inc.*, No. 18-CV-4895, 2019 WL 5198667, at *5 (S.D.N.Y. Sept. 30, 2019) (internal quotations and alterations omitted).

Here, Plaintiff alleges enough information to conclude that the Corporate Defendants may be a single integrated enterprise. Specifically, Plaintiff alleges that: (1) the Corporate Defendants are both operated by Defendant Bravo and Hilar Reyes "who go back and forth between both locations daily," (2) the Corporate Defendants "share a centralized Human Resources department that deals with hiring, firing, and administering all the [Corporate Defendants'] work force," and (3) the Corporate Defendants "are located next to each other" and "interchange employees." Compl. ¶ 7, Dkt No. 1; *accord* Reyes Decl. ¶ 3, Dkt No. 30. These allegations support treating the Corporate Defendants as a single enterprise at this preliminary stage, because they demonstrate that the Corporate Defendants share support services, management, and employees. *See, e.g.*, *Ramirez*, 2023 WL 4541129, at *4–5 (finding plaintiff adequately alleged that the defendants operate as an integrated enterprise based on allegations that the defendants had shared human resources departments, shared executive officers, and shared office and phone numbers).

Defendants argue that Plaintiff "never worked" at Jacqueline's Lounge and that the Corporate Defendants are each a "separate, distinct and different business." Defs.' Opp'n at 5, Dkt No. 36. This argument fails. "If maintaining distinct corporate forms were enough to defeat a single integrated enterprise allegation, the doctrine would be meaningless." *Ramirez*, 2023 WL 4541129, at *5. In addition, to the extent that Defendants argue that Plaintiff's declaration is untruthful, *see, e.g.*, Defs.' Opp'n at 5, 7–8, Dkt No. 36, that argument also fails because "courts are not to make credibility determinations" at the conditional certification stage, *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 554 (S.D.N.Y. 2013). "Facts revealed in discovery may ultimately disprove Plaintiff's theory. But because Plaintiff has adequately alleged that Defendants operate as an integrated enterprise, both [of the Corporate Defendants] are proper parties to this action." *Ramirez*, 2023 WL 4541129, at *5.

## II.     Conditional Certification

Plaintiff seeks conditional certification of a collective group of all current and former non-exempt employees, including bakers, counter people, cashiers, waiters, servers, bartenders, bussers, and cooks, employed by Defendants within the last six years to the date the Complaint was filed. Defendants oppose conditional certification, arguing that the putative class members are not similarly situated to Plaintiff. Defendants also argue that even if the Court grants conditional certification, the class should be limited to bakers employed by Defendant Jacqueline's Bakery Restaurant within the past two years.

### A. Common Policy or Plan

At this early stage, Plaintiff has met his modest burden of showing that Defendants subjected him and others to a common policy or plan that violates the FLSA. Plaintiff provided a declaration stating that he "frequently discussed Defendants' illegal policy . . . with other employees" (including four employees named in Plaintiff's declaration) and, through these conversations, he knew that other employees also "had to perform work at both of Defendants' locations" and were subject to the same wage and hour policies. *See* Reyes Decl. ¶ 10, Dkt No. 30. Plaintiff also stated that "[b]ased on [his] work experience and [his] personal observations and conversations with co-workers, [he] know[s] that all employees of Defendant were subject to the same wage and hour policies." *Id.* ¶ 5; *see also* ¶ 7–8 (stating that "[b]ased on [his] experiences, including [his] personal observations and conversations with co-workers," Plaintiff was aware that other employees "were compensated at similar fixed salaries" and "worked the same or similar hours each week, and on holidays").

Defendants argue that "Plaintiff's factual allegations regarding his own limited personal experiences are insufficient to justify the size and scope of Plaintiff's requested collective action group." Defs.' Opp'n at 10, Dkt No. 36. The Court disagrees. Plaintiff's proposed collective group is limited to workers employed by Jacqueline's Lounge or Jacqueline's Bakery Restaurant. And according to Plaintiff's allegations and his declaration, his personal experience included (1) working at both establishments and (2) discussing the wage and hour policies of both establishments with other employees who were also joint workers. *See* Reyes Decl. ¶¶ 5–10, Dkt No. 30. The Court therefore finds that at this stage of the litigation and for purposes of conditional certification only, Plaintiff has met his modest burden of showing that Defendants subjected him and others to a common policy or plan that violates the FLSA.

### B. Scope of the Collective Group

Plaintiff's proposed collective group is "all current and former non-exempt employees, including bakers, counter people, cashiers, waiters, servers, bartenders, bussers, [and] cooks." *See* Pl.'s Br. at 1, Dkt No. 28. Defendants argue that "conditional certification for this claim, if any, should be limited to bakers at Jacqueline's Bakery" because Plaintiff was employed as a baker at Jacqueline's Bakery and "Plaintiff's Declaration only contains 4 named employees who are all bakers." Defs.' Opp'n at 15–16, Dkt. No. 36.

"A FLSA collective may cover individuals with multiple job functions provided that the employees are subject to a common unlawful policy or practice." *Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302, 2017 WL 4326071, at *5 (S.D.N.Y. Sept. 5, 2017) (internal quotations and alterations omitted). "[W]here a plaintiff fails to provide sufficient details that the proffered unlawful policy or practice also affected employees in different job functions or roles, courts will limit the collective to only those job functions for which the plaintiff bore his or her evidentiary burden." *Ramirez*, 2023 WL 4541129, at *8.

Here, Plaintiff provides sufficient allegations to establish that the "common plan" extends beyond bakers. Specifically, Plaintiff claims that though he was "hired as a baker," he was "also

4

required to clean the restaurant, mop, sweep, clean the fridges, work as a counterman, accept and unload deliveries, store and organize deliveries in the basement, and stock supplies." Reyes Decl. ¶ 6, Dkt No. 30. He further claims that the other employees he spoke to—though formally hired as bakers or as customer service workers—"also performed similar duties." *Id.* At the conditional certification stage, the Court finds that these allegations are sufficient to support Plaintiff's modest burden of showing that he is similarly situated to employees other than just bakers.

However, Plaintiff has not shown that the common plan or policy extended to every employee. Indeed, Plaintiff's declaration does not mention any conversations with or observations of waiters, cashiers, or servers. Therefore, to more closely align the proposed collective group to the allegations in Plaintiff's complaint and declaration, the Court modifies Plaintiff's proposed collective group to include "all current and former bakers, counter people, bussers, cooks, maintenance workers, custodians, and customer service workers."

### C. Notice Period

Defendants claim that only a two-year notice period should be approved while Plaintiff claims that a six-year period is appropriate. The Court rejects both arguments and finds that a three-year period is warranted.

The FLSA has a two-year statute of limitations, except in the case of willful violations, for which the statute of limitations is three years. *See* 29 U.S.C. § 255(a). Defendants claim that a two-year notice period is appropriate because "[t]here is no evidence that Defendants willfully violated the FLSA" and therefore a two-year statute of limitations will apply. Defs.' Opp'n at 17, Dkt No. 36. However, Plaintiff has alleged willful violations of the FLSA. *See* Compl. ¶¶ 44–57. And at "the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 127 (E.D.N.Y. 2020) (citation omitted).

Plaintiff claims that a six-year notice period is appropriate because Plaintiff also asserts claims under the NYLL and the NYLL has a six-year statute of limitations. "However, the growing trend in this Circuit is, in order to promote judicial efficiency, to use a three year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rules of Civil Procedure Rule 23 in connection with NYLL claims." *Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-CV-3556, 2019 WL 1417125, at *4 (S.D.N.Y. Mar. 29, 2019). "This is so because courts have recognized that authorizing notice of FLSA-only claims to putative collective members who are otherwise time-barred from bringing claims may promote confusion should counsel later move for class certification of NYLL claims." *Ramirez*, 2023 WL 4541129, at *10 (collecting cases). "Further, while a class for the state law claims may someday be certified, it is an opt-*out*, not an opt-*in*, class, so there is no danger of claim lapse." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013).

### III. Plaintiff's Unopposed Requests

Plaintiff also moves: (1) to have Defendants produce certain information about potential opt-in plaintiffs, (2) to have Defendants post the notice and consent forms in each of Defendants' places of business where potential opt-in plaintiffs are employed, and (3) to equitably toll the FLSA statute of limitations until such time that Plaintiff can send the notice to potential opt-in plaintiffs. Defendants do not object to these requests. Accordingly, the Court rules as follows:

First, Defendants must post the Court-Authorized Notice and the Opt-In & Consent to Join forms in common areas in Jacqueline's Bakery Restaurant and Jacqueline's Lounge. *See Hamadou*, 915 F. Supp. 2d at 669 (finding that such requests are "routinely approve[d]").

Second, Defendants must produce the identifying information about potential opt-in plaintiffs, except to the extent that Plaintiff has requested social security numbers. "Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016). But courts in this District "typically decline to compel production of social security numbers." *Id.* at *20. And though discovery of such information is nonetheless "permitted where demonstrably necessary to effectuate notice," Plaintiff has not made any showing that this sensitive information is necessary here. *Id.* at *20 (internal citations, quotations, and alterations omitted).

Finally, the Court will equitably toll the statute of limitations as of the date of the filing of Plaintiff's motion for conditional certification until the date Plaintiff is able to send the notice to potential opt-in plaintiffs. *See Xiao Ling Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15-CV-1347, 2016 WL 11430475, at *10 (E.D.N.Y. Feb. 16, 2016), *report and recommendation adopted sub nom. Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15-CV-1347, 2016 WL 5338536 (E.D.N.Y. Sept. 23, 2016) ("As plaintiffs correctly point out, equitable tolling is commonly granted upon the filing of a motion for conditional certification of a collective action because of the high potential for prejudice to potential opt-in plaintiffs." (collecting cases)).

### IV. Content of Notice

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains broad discretion over the form and content of the notice." *Martin*, 2016 WL 30334, at *15 (citation omitted). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Recio v. D'Almonte Enterprises Parking Garage, Inc.*, No. 22-CV-6153, 2023 WL 4341545, at *7 (S.D.N.Y. July 5, 2023) (citation omitted).

With respect to Defendants' objections to Plaintiff's proposed notice and the Court's own review of the proposed notice, the Court rules as follows:

- Consistent with the Court's above decision regarding conditional certification, notice shall be sent to all current and former non-exempt employees, including bakers, counter people, bussers, cooks, maintenance workers, and custodians employed by Defendants within three years of the filing of the Complaint.

- The notice should also include defense counsel's contact information under "Getting More Information."

- The Court agrees with Plaintiff that the opt-in period should be sixty days, as is routine for courts in this Circuit. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 465 (E.D.N.Y. 2014).

- To avoid disputes over timeliness, potential opt-in plaintiffs shall be required to send their consent forms directly to the Clerk of Court rather than Plaintiff's counsel.

- To the extent that Defendants also seek to modify the notice to state their position or provide a statement of the Court's position, *see* Defs.' Opp'n at 18–19, Dkt No. 36, the Court finds that these modifications are unnecessary. In addition, much of the other language Defendants request is already included in the proposed notice.

- The notice should be modified to advise recipients that their immigration status does not affect their entitlement to recover back wages or to participate in the lawsuit and that they have a right to participate in the action even if they are undocumented immigrants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification is GRANTED in part and DENIED in part. Specifically, the Court rules as follows:

1. The collective group of potential plaintiffs in this matter shall consist of all current and former bakers, counter people, bussers, cooks, maintenance workers, custodians, and customer service workers employed by Defendants within three-years of the filing of the Complaint.

2. The proposed collective action notice attached as Exhibit A to the Declaration of C.K. Lee, dated August 11, 2023 (Dkt No. 29), is hereby approved, except as modified above. Plaintiff shall submit a revised proposed notice for the Court's approval no later than **September 21, 2023**. Upon this Court's approval of the revised notice, notice may be issued and posted consistent with its terms and this Court's orders.

3. Defendants shall provide Plaintiff, in Microsoft Excel, the names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses, and all known

7

telephone numbers for all employees within the collective group no later than **September 21, 2023**. Any request for social security numbers is DENIED without prejudice to Plaintiff renewing this motion at a later date, after demonstrating with specificity that such sensitive information is necessary.

4. Plaintiff shall mail – in English and any other language deemed appropriate – the Court-Authorized Notice and the Opt-In & Consent to Join forms to all potential plaintiffs no later than fourteen (14) days following Defendants' above disclosures regarding potential opt-in plaintiffs. If notice to any potential opt-in plaintiff is returned as undeliverable, Plaintiff's counsel is permitted to mail the notice to such potential plaintiff again at any other address determined to be reasonable.

5. Defendants shall post – in English and any other language deemed appropriate – the Court-Authorized Notice and the Opt-In & Consent to Join forms on employee bulletin boards and in other common areas in Jacqueline's Bakery Restaurant and Jacqueline's Lounge.

6. Finally, the Court tolls the statute of limitations from August 11, 2023, until the date Plaintiff sends the notice to potential opt-in plaintiffs.

The Clerk of Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated: September 11, 2023
   New York, New York

ARUN SUBRAMANIAN
United States District Judge